Gwen Glaze,                              )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )        No. 6:17-CV-03081-BCW
                                         )
Robert L. Leonard, D.V.M., and           )
Animal Clinic & Equine Center, Ltd.,     )
                                         )
        Defendants.                      )

## PLAINTIFF'S RESPONSE TO DEFENDANTS' TRIAL BRIEF ON DAMAGES

COMES NOW Plaintiff, by and through counsel, and in response to Defendants' Trial Brief on Damages (ECF No. 51) states as follows:

Defendants' trial brief—as well as a significant portion of their previously-filed motion in limine—attempt to apply a poorly-defined, heightened burden of proof upon the Plaintiff to establish the damages element of Plaintiff's claim. This heightened burden of proof, however, simply has no support in the law. Missouri precedent is clear that the Plaintiff meets the requirement to submit the question of this case to the jury. Defendants are certainly entitled to present evidence and make their arguments to the jury as well, but they suffer no "prejudice" and the jury is not mislead by allowing the Plaintiff to present her evidence on damages.

Defendants' trial brief correctly states the standard for damages in this case—the difference between the reasonable market value before the property was damaged and the reasonable market value after the property was damaged. *Randall v. Steelman*, 294 S.W.2d 588, 594 (Mo.App. 1956). But then they err by relying on *Albrecht v. Herald Co.*, which they do without pin cite. 452 F.2d 124 (8th Cir. 1971). *Albrecht* is inapplicable

because it was a Federal question case, and applied Federal statutory and common law; in contrast, this is a diversity case, in which Missouri law applies to substantive questions under *Erie* doctrine. *See id.* at 125-26 (noting that *Albrecht* was brought under the Sherman Act, 15 U.S.C. § 1).

Defendants next set forth the proposition that "[s]ales price evidence fails to meet this standard." ECF No. 51 at 2 (relying upon *Coffman v. Powell*, 929 S.W.2d 309, 312 (Mo.App. 1996)). In the first place, *Coffman* does not even remotely stand for this proposition. In *Coffman*, the appellant Harold Coffman filed a replevin action seeking return of his personal property that he had left with the respondent, Nora Powell. *Coffman*, 929 S.W. 2d at 310. Coffman valued three pieces of property (a John Deere tractor, a 1921 Model T one-ton truck, and a Triumph motorcycle) at a combined $16,400. *Id.* 311. Powell testified that she could not return this property because she had sold it for a combined total of $3,800. *Id.* The trial court entered judgment in favor of Coffman for $4,200 for this property that could not be returned. *Id.*

The Missouri Court of Appeals observed that typically deference is given to a trial court's determination of conflicting evidence, but it held that "[t]he price [Powell] received for the items is not evidence of a price at which a willing owner would sell." *Id.* 312. This was because Powell did not own the property—Coffman did. *Id.* At the same time, however, the court recognized that "an owner of property may establish the value of such property through his opinion testimony." *Id.* (citing *DeLong v. Hilltop Lincoln-Mercury, Inc.*, 812 S.W.2d 834, 841 (Mo.App.1991)).

*Coffman* is thus inapplicable, and Defendants' proposition that "sales price evidence" does not meet some standard is incorrect. Missouri courts regularly allow the

2

question of fair market value of property to be submitted to the finder of fact on the basis of the property owner's testimony as to the value of that property. In *Coffman*, for example, the petitioner's own opinion testimony as to the value of his property was the only evidence he submitted on that point, and it was deemed sufficient—the error was in the trial court even considering the opinion testimony of a non-owner, non-expert regarding the sale price of the property. *Id.*

RESPECTFULLY SUBMITTED,

SWIECICKI & MUSKETT, LLC

By:_____/s/ Christopher S. Swiecicki_____
Christopher S. Swiecicki #38402MO
17295 Chesterfield Airport Road, Suite 200
Chesterfield, MO 63005
636.530.3608 Office
314.341.5796 Cell
636.530.0596 Fax
Chris@SwiecickiLaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that that a true and correct copy of the foregoing was filed with the Court's electronic filing system which provides service to all attorneys of record on this 14th day of August, 2018.

_____/s/ Christopher S. Swiecicki_____

3